# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | |
|---|---|
| LEONARD THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15-cv-00399-JMS-MJD |
| | ) |
| SCOTT LEVINE, ROGER PERRY, | ) |
| DOUGLAS JONES, NANCY GEMMER, | ) |
| MICHAEL PERSON M.D., | ) |
| DAVID R. RICHARDSON M.H.P., | ) |
| BARBARA EICHMAN, | ) |
| NICHOLAS WARDELL M.H.P., | ) |
| CHARLES DALRYMPLE M.H.P., | ) |
| EDDIE TAYLOR Ph.D., | ) |
| | ) |
| Defendants. | ) |

**Entry Granting Motion for Summary Judgment
on Defendants' Affirmative Defense of Exhaustion**

Plaintiff Leonard Thomas, an offender incarcerated within the Indiana Department of Correction ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983. The amended complaint alleges that the defendants were deliberately indifferent to Mr. Thomas's serious medical condition in violation of the Eighth Amendment. See dkt 27 (amended complaint). Mr. Thomas has a long-standing diagnosis of mental illness, specifically, "chronic anxiety, paranoid type schizophrenia and antisocial personality disorder." Dk. 66 at p 2. Mr. Thomas alleges that between December 2013 through June 5, 2015, Defendants denied him anti-psychotic medications and other mental health care while he was an inmate at the Pendleton Correctional Facility. See dkt 28 (screening order).

Defendants Scott Levine, M.D., Roger Perry, Ph.D, Douglas Jones, MHP, Michael Person, M.D., David R. Richardson MHP, Barbara Eichman, M.D., Charles Dalrymple, ARS, Eddie

Taylor Ph.D., Nicholas Wardell, MHP, and Nancy Gemmer, Ph.D, (collectively "Defendants"), seek resolution of this action through summary judgment. Defendants assert that they are entitled to judgment as a matter of law because Mr. Thomas failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), before filing this lawsuit.

Counsel was recruited by this Court to assist Mr. Thomas in both drafting an amended complaint and opposing this motion.[1] Mr. Thomas argues in response to the motion for summary judgment that he exhausted the administrative remedies that were available to him prior to filing this suit, that his administrative remedies were not available to him, and that Defendants lack sufficient evidence to prove that Mr. Thomas did not fully exhaust his administrative remedies.

For the reasons explained below, Defendants' motion for summary judgment, dkt. 49, is **granted.**

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

---

[1] Ashley D. Clay's efforts as recruited counsel are very much appreciated. Similarly, attorney Benjamin M. Weyman's willingness to appear in this action in the event that an evidentiary hearing was necessary is also appreciated.

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. Undisputed Facts

Applying the standard set forth above, the following facts are undisputed.

### A. *Offender Grievance Process*

During all times relevant to his complaint, Mr. Thomas was an inmate incarcerated with the IDOC at Pendleton Correctional Facility. The IDOC has an Offender Grievance Process. The purpose of the Offender Grievance Process is to provide administrative means by which inmates may resolve concerns and complaints related to their conditions of confinement. Offenders are made aware of the Offender Grievance Process during orientation and a copy of the Offender Grievance Process is available in various locations within the prisons, including the law library.

The Offender Grievance Process consists of three stages. First, an offender must attempt to resolve the grievance informally through officials at the facility by filing a Step 1 informal complaint form. The informal grievance complaint must be filed within five days of the incident

3

at issue. The informal resolution step is interactive, and requires the offender to communicate with prison staff through open and courteous discussion before turning to the grievance process. If an inmate fails to first attempt to resolve his complaint informally, his formal grievance may be rejected on that basis.

If an inmate is unable to resolve his complaint informally, he may file a Step 2 Offender Grievance. That form must be submitted within twenty business days of the incident. Once a Step 2 Grievance is reviewed by facility officials, and if the problem has not been resolved to the satisfaction of the offender, the offender may appeal the facility's decision by submitting a Step 3 Grievance Appeal. The appeal must be filed within ten working days from the date of receipt of the grievance response or twenty business days after the inmate submitted the grievance if no response is provided. The IDOC's Offender Grievance Manager reviews the inmate's appeal and submits a response.

An inmate has not fully utilized or exhausted the Offender Grievance Process until he timely completes all three steps of the process and receives a response from the Department's Offender Grievance Manager.

### *B. Mr. Thomas's Grievance History*

Mr. Thomas's claim in this action is that he was denied medications and mental health care by the Defendants while he was incarcerated at Pendleton Correctional facility. The IDOC's grievance records reflect that Mr. Thomas never timely grieved these circumstances.

Mr. Thomas was familiar with the Grievance Process and properly filed formal grievances and appeals related to circumstances not at issue in this case. For example, in March 2010, Mr. Thomas filed grievance number 57237 complaining that he was not provided with a bottom bunk,

4

a bottom range pass, or medical idle status for his epilepsy. Mr. Thomas filed a formal grievance and appeal, which were denied.

### III. Discussion

*A. Prison Litigation Reform Act*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

It is the Defendants' burden to establish that the administrative process was available to Mr. Thomas. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable

5

of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

Defendants argue that because Mr. Thomas failed to exhaust his administrative remedies as required prior to filing this action, his claims must be dismissed. *See Pozo*, 286 F.3d at 1024-25; *see also Roberts v. Neal*, 745 F.3d 232, 234-35 (7th Cir. 2014). Mr. Thomas argues that Defendants are not entitled to summary judgment because there are material facts in dispute.

### B. *Failure to Exhaust*

Mr. Thomas argues that the affidavit of Jennifer Smith[2] stating that the IDOC does not have any record of Mr. Thomas timely filing an informal grievance, formal grievance or grievance appeal regarding his claims in this matter is insufficient to establish that he did not exhaust his administrative remedies.

This argument could be persuasive if Mr. Thomas provided any admissible evidence that he did in fact file an informal grievance, formal grievance and grievance appeal regarding his claims in this case. Under those circumstances, a reasonable finder of fact could conclude that the IDCO's grievance records are incomplete or otherwise incorrect. Mr. Thomas, however, has not provided any evidence to support this argument. He has not pointed to any testimony in his response brief which states that he completed all three steps. Thus, it is reasonable to conclude that

---

[2] Ms. Smith is a custodian of the grievance records and has access to and knowledge of inmate grievance documentation as kept in the regular course of business within the IDOC.

the IDOC's records accurately reflect that Mr. Thomas did not exhaust his administrative remedies on this issue.

Mr. Thomas submitted copies of eight grievance forms which he had in his possession. See dkts 67-4 through 67-11 (exhibits D through K). Mr. Thomas argues that these grievance forms support his claim that he attempted to use the IDOC Offender Grievance Process. He is mistaken. There is no evidence that Mr. Thomas timely filed these grievances. Instead, these grievances are dated well after the events at issue in this case. Under these circumstances, Mr. Thomas's submissions reflect that he did not comply with the Offender Grievance Process's requirement to file a Step 1 informal complaint within five days of any of the incidents at issue.

Mr. Thomas argues that because the documents listed above were not identified in the records of the IDOC that the IDOC records cannot be relied upon. This argument is rejected. The records reflect that the grievances reported by Defendants were filed at Pendleton Correctional Facility during the time period at issue. The "missing" records were submitted at other facilities and outside the relevant timeframe. There is no evidence that Mr. Thomas filed any grievances at Pendleton Correctional Facility which were not reported in the course of this summary judgment briefing.

Mr. Thomas has not produced any evidence to support his claim that he timely completed the grievance process during the relevant time period. Accordingly, there is no basis to call into question the IDOC's grievance records which reflect that Mr. Thomas did not timely exhaust the offender grievance process before filing this civil action.

### C. *Availability of Offender Grievance Process*

Mr. Thomas argues that he was prohibited from using the Offender Grievance Process by prison officials. This is an argument based on the theory that the Offender Grievance Process was unavailable to him.

The only evidence in support of this argument is a statement in the original complaint which was signed under penalty of perjury. Specifically, Mr. Thomas was told by his Unit Team Manager John Safford and Caseworker James Rector that "they don't do legal work for mentally ill inmates nor file grievances against these co-workers." Dkt. 1 at p. 35, ¶ 26. This statement is insufficient to demonstrate that the grievance process was unavailable to Mr. Thomas. The grievance policy does not require employees to do Mr. Thomas's legal work or to file grievances against their co-workers. There is no evidence to support the assertion that Mr. Thomas was unable to obtain grievance forms. Moreover, the original complaint has been superseded by the amended complaint, filed with the assistance of counsel. *Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

Mr. Thomas details a long list of other steps he took to complain about his mental health care and medications. But classification appeals and letters to the Ombudsman and other officials are insufficient to exhaust administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (stating that exhaustion of available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). And, as noted, Mr. Thomas was familiar with the grievance process prior to the dates at issue. Rather than support his claim of unavailability, the letters establish that Mr. Thomas had the ability to complain in writing about his circumstances. He should have done so through the Offender Grievance Process.

There is simply no evidence to support the argument that Mr. Thomas requested and was denied grievance forms from his unit team manager and caseworker. At this stage in the proceedings, material facts such as these must be supported by admissible evidence.

### IV. Conclusion

Defendants have shown that Mr. Thomas did not exhaust his available administrative remedies. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that this lawsuit should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice."); *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"). The motion for summary judgment, dkt. 49, is therefore **granted.**

Judgment consistent with this Entry shall now issue.

Date: 11/14/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LEONARD THOMAS
175876
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Adriana Katzen
BLEEKE DILLON CRANDALL, PC
adriana@bleekedilloncrandall.com

Benjamin M. Weyman
BINGHAM GREENEBAUM DOLL LLP (Louisville)
bweyman@bgdlegal.com